UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. _____

JOE VONO,

      Plaintiff,

v.

CLASSICA CRUISE OPERATOR LTD. INC.

d/b/a MARGARITAVILLE AT SEA,

      Defendant.

_____/

## COMPLAINT AND REQUEST FOR ADVISORY JURY

The Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, JOE VONO, is a citizen and resident of the state of Florida, and is otherwise *sui juris*.

2. Defendant, CLASSICA CRUISE OPERATOR LTD. INC., d/b/a MARGARITAVILLE AT SEA, ("CLASSICA") is a foreign entity with its principal place of business and worldwide headquarters in Orlando, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. Defendant, at all times material hereto, personally or through an agent:

   a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

LIPCON, MARGULIES & WINKLEMAN, P.A.

- 2 -

    d.   Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 and/or 48.193;

    e.   The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

    f.   The Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Margaritaville at Sea Paradise*.

5.    Defendant is subject to the jurisdiction of the Courts of this state.

6.    The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

7.    At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the subject vessel, *Margaritaville at Sea Paradise.*

8.    At all times material, the *Margaritaville at Sea Paradise*, was located in navigable waters.

9.    Defendant directly participated in and approved of the designs for the interior areas of the subject vessel, including the selection of flooring materials for the public areas onboard the ship.

10.    On or about March 5, 2025, the Plaintiff was a fare-paying passenger on the *Margaritaville at Sea Paradise*.

11.    On or about March 5, 2025, the Plaintiff was patronizing the Deck 9 buffet for breakfast.

12.    On or about March 5, 2025, after breakfast, the Plaintiff decided to use the restroom nearby to the Deck 9 buffet that was accessed through the exterior portion of Deck 9.  As Plaintiff walked into the vestibule area of the bathroom, he slipped and fell on the wet and slippery metal threshold and/or flooring surface, and was severely injured.

13.    The unreasonably wet, slippery, slick, hazardous and/or dangerous nature of the threshold and/or bathroom vestibule flooring surface was not open and obvious. The Plaintiff had no

way of knowing the existence of the hazardous condition and there was nothing the

Plaintiff could have done to have prevented this incident.

14.     The subject area constituted a dangerous condition for reasons that include, but were not

limited to:

    a.  The flooring surface of the subject area was wet, slippery and unreasonably slippery when wet and/or contaminated with a foreign substance;

    b.  The flooring surface of the subject area was slippery and/or unreasonably slippery, even without being contaminated by the foreign substance(s) outlined above;

    c.  The subject area did not have anti-slip flooring;

    d.  The lack of adequate tread in the subject area increased the risk of slipping and/or falling due to insufficient traction for individuals navigating the area; and/or

    e.  The subject area did not contain any signs and/or warnings and/or anti-slip mats in or around the subject area, which could have reasonably communicated to Plaintiff the foreign substance on the floor, outlined above, and/or the unreasonably slippery nature of the flooring surface in the subject area.

15.     Prior to the subject incident, Defendant knew and/or should have known of the dangerous

condition(s) outlined above for reasons that include, but are not limited to:

    a.  Prior to and/or at the time of Plaintiff's injury-producing incident, outlined above, Defendant's crewmember was mopping and/or cleaning the flooring surface of the subject area, but failed to place adequate warning signs as to the wet and/or slippery flooring surface, which is violation of Defendant's own policies and procedures. Defendant's crewmembers did and/or should have observed the dangerous conditions pertaining to the subject area outlined above prior to the time of Plaintiff's incident.

    b.  The subject area where Plaintiff fell was located next to a pool, an area frequently used by passengers, and near a restaurant and bar where Defendant's crewmembers prepared and served food and drinks. Accordingly, Defendant knew or should have known that

the subject area routinely is wet and did not reasonably monitor the subject area and/or provide adequate warnings.

c.  As per Defendant's policies and procedures, Defendant's crewmembers did and/or should have continuously monitored the flooring surface of the subject area to identify and remedy hazardous conditions; had Defendant and/or its crewmembers reasonably complied with those policies and procedures, Defendant would have observed the dangerous condition(s) outlined above which caused the Plaintiff's injury; and/or

d.  Prior to and/or at the time of Plaintiff's injury-producing incident, outlined above, Defendant installed video cameras to monitor the subject area; had Defendant reasonably monitored the subject area via those cameras, Defendant would have observed the dangerous condition(s) outlined above which caused the Plaintiff's injury; and/or

e.  The Defendant knew of the dangerous conditions aboard the vessel, which caused Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through its maintenance and/or inspections of the subject area and/or prior incident(s) involving slip and falls on exterior decks. *See Stacy Wipper v. Classico Cruise Operator ltd.*, Case no.: 1:25cv22662, (S.D. Fla. 2025)(the plaintiff was on deck 10, an exterior deck, when she slipped and fell on a deck that was being cleaned by a crewmember on the same and/or substantially similar flooring surface as to the one Plaintiff Vono slipped and fell on. The plaintiff in *Wipper* sustained severe injuries. Similarly, in the present case, Plaintiff slipped and fell on a wet and/or slippery

flooring surface that is believed to be recently cleaned, and Plaintiff sustained severe injuries. Like the prior incident, the fall occurred in an area where passengers were expected to be, and the hazardous conditions were not visible or properly marked, making the injury reasonably foreseeable to Defendant); *Annette Fisher v. Classica Cruise Operator Ltd.,* Case No.: 25-cv-01034 (M.D. Fla. 2025)(the plaintiff slipped and fell on the same and/or substantially similar metal flooring surface and sustained severe injuries. Similarly, in the present case, Plaintiff slipped and fell on a similar metal threshold. Like the prior incident, the fall occurred on the same hazardous flooring surface, and the hazardous conditions were not visible or properly marked, making the injury reasonably foreseeable to Defendant); *Cugino v. Classica Cruise Operator Ltd., Inc.,* Case No.: 25-cv-02200 (M.D. Fla)(same); *Barksdale-Starkes v. CLASSICA Corp.*, case no: 22-cv-22204 (S.D. Fla)(same); *Carpenter v. CLASSICA Corp.,* case no. 18-cv-25120 (S.D. Fla)(same).

## COUNT I – NEGLIGENT FAILURE TO WARN

Plaintiff re-alleges adopts and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) as though alleged originally herein.

16.　At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

17.　At all times material hereto, it was the duty of Defendant to warn passengers (like the Plaintiff) of dangers that were known or reasonably should have been known, to Defendant in places where passengers (like the Plaintiff) are invited to or may reasonably be expected to be.

18.　On or about March 5, 2025, the Plaintiff walked into the vestibule area of the restroom that was accessed from the exterior portion of Deck 9 aboard Defendant's vessel, when he

slipped and fell on the slippery metal threshold, which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

19.    On or about March 5, 2025, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   a.   Failure to warn the Plaintiff of the unreasonably wet, slippery, slick, hazardous and/or dangerous flooring surface(s) in the subject area;

   b.   Failure to adequately warn the Plaintiff of the dangers posed by the raised, wet, and/or slippery flooring surface in the subject area; and/or

   c.   Failure to warn the Plaintiff of the poorly maintained threshold, protrusion, uneven surface, or objects; and/or

   d.   Failure to adequately warn passengers and Plaintiff of other similar falls previously occurring on or about similar thresholds, like the one found in the restroom area on board the *Margaritaville at Sea*: and/or

   e.   Failure to adequately warn passengers and Plaintiff of other similar falls previously occurring on or about similar flooring surfaces, like the one where Plaintiff fell in the pool deck restroom area on board the *Margaritaville at Sea*: and/or

   f.   Failure to adequately warn the Plaintiff of the existence of slip and fall/hazardous conditions at or near the restrooms on the pool deck, including the raised metal edge, and/or slippery flooring surface(s); and/or

   g.   Failure to sufficiently warn the Plaintiff of the wet, dirty, and/or slippery condition(s) of the subject area, via use of warning signs, cones or other means;

   h.   Failure to sufficiently warn the Plaintiff of the risks and/or dangers associated with the wet, dirty, and/or slippery condition of the subject area, including but not limited to the hazardous co-efficiency of friction in light of the wet, dirty, and/or slippery condition of the flooring surface;

   i.   Failure to adequately warn passengers and Plaintiff of other fall accidents previously occurring in the same or similar flooring surface(s); and/or

   j.   Failure to promulgate and/or enforce adequate policies and procedures to ensure that passengers like the Plaintiff are warned of the danger posed by the raised flooring surface;

   k.   Failure to sufficiently warn passengers and the Plaintiff of other slip and fall accidents which previously occurred in the same area, on the same deck and/or on the same

flooring surface as Plaintiff's incident; and/or

l.   Any other acts or omissions which are revealed through discovery.

20.   All or some of the above acts and/or omissions directly caused and/or contributed to the incident because Plaintiff would not have been injured had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

21.   At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them.   Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or   through its maintenance and/or inspections of the subject area. *See infra* ¶ 15.

22.   As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, lost wages, impairment to future earnings, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap.   The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.   In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from his fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under

the law against Defendant and requests an advisory jury.

## COUNT II – NEGLIGENT FAILURE TO MAINTAIN

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) as though alleged originally herein.

23.    At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

24.    At all times material hereto, it was the duty of Defendant to maintain the vessel, including the vestibule area of the restroom that was accessed from the exterior portion of Deck 9 aboard Defendant's vessel, and surrounding area in a reasonably safe condition.

25.    On or about March 5, 2025, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

   a.   Failure to adequately maintain the subject flooring surface dry and free of slippery substances; and/or

   b.   Failure to adequately inspect the area where Plaintiff's incident occurred for slipping/tripping hazards; and/or

   c.   Failure to adequately, timely, and regularly inspect and maintain the subject restroom vestibule area in a reasonably safe condition, including, but not limited to, in a clean and dry condition and free of slippery substances; and/or

   d.   Failure to maintain the surface of the restroom and surrounding area in a reasonably safe condition for use by passengers in light of its anticipated use; and/or

   e.   Failure to reasonably clean and/or dry the subject area so as to reasonably maintain it in a clean and/or dry and/or non-slippery condition;

   f.   Failure to adequately and regularly inspect the subject area for wet, dirty, and/or slippery conditions; and/or

g.  Failure to have adequate staff monitoring the subject area where water and/or other liquid were reasonably anticipated to fall; and/or

h.  Failure to adequately and/or regularly maintain the subject area to keep it free of wet, dirty and/or slippery foreign substances and/or conditions;

i.  Failure to enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned and maintained free of wet and/or slippery conditions; and/or

j.  Any other acts or omissions which are revealed through discovery.

26.  The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

27.  At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area. *See infra ¶¶ 15.*

28.  As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, lost wages, impairment to future earnings, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the

losses and impairments in the future

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and requests an advisory jury.

## COUNT III NEGLIGENT DESIGN AGAINST DEFENDANT

Plaintiff re-alleges adopts and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) as though alleged originally herein.

29.    At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

30.    On or about March 5, 2025, Defendant and/or its agents, servants and/or employees breached its duty through in the following ways:

   a.  Failure to install reasonably safe flooring materials in the subject area aboard the vessel so that it was reasonably safe for passengers like Plaintiff;

   b.  Failure to install coverings above the subject area to prevent the flooring from becoming unreasonably wet and slippery, including, but not limited to, from cleaning liquids, pool water, spilled drinks, rainwater, etc.;

   c.  Failure to install adequate drainage in the subject area in light of the anticipated use of the subject area;

   d.  Failure to install adequate tread on the threshold in the subject area in light of the anticipated use of the subject area;

   e.  Failure to test and adequately evaluate flooring hazards in light of anticipated weather conditions, pool area, beverage area, and traffic, given the purpose of the subject area and surrounding area before installing the subject flooring; and or

   f.  Any other acts or omissions that re revealed through discovery.

31.     The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to design the subject area.

32.     At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area. *See infra* ¶¶ 15.

33.     As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, loss of wages, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and lost earning capacity.  The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

        **WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and requests an advisory jury.

### COUNT IV – GENERAL NEGLIGENCE

    Plaintiff re-alleges adopts and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) as though alleged originally herein.

34.     At all times material it was the duty of Defendant to provide Plaintiff with reasonable care

under the circumstances.

35. On or about March 5, 2025, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

36. Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, servants and/or employees as follows:

   a. Failure to provide its passengers, such as the Plaintiff, with reasonable care under the circumstances;

   b. Failure to provide safe passage aboard its vessel, the *Margaritaville at Sea*;

   c. Failure to provide and/or utilize a reasonably safe walking/flooring surface in light of the anticipated use of the subject area; and/or

   d. Failure to utilize a reasonably safe flooring surface without unmarked and/or hidden raised thresholds in light of the anticipated traffic and anticipated purpose of the area; and/or

   e. Failure to properly mark the hazards in the area so as to adequately call passengers attention to them; and/or

   f. Failure to adequately provide passengers like the Plaintiff with a reasonably safe place to walk, at or near restrooms and surrounding areas free of trip hazards; and/or

   g. Failure to close off and/or place signs on or around the wet, dirty, and/or slippery parts of the subject area to keep passengers, including the Plaintiff, away from the dangerous conditions outlined above;

   h. Failure to provide adequate tread on the subject metal threshold;

   i. Failure to maintain a reasonably safe place to walk at or near restrooms in the subject area of the vessel, in light of the anticipated traffic and/or anticipated purpose of the area; and/or

j.  Failure to adequately and regularly clean the subject area; and/or

k.  Failure to correct hazardous conditions following prior slip and fall incidents in the same area, on the same deck and/or the same flooring surface; and/or

l.  Failure to correct hazardous conditions following prior accidents in the same area; and/or substantially similar areas on board the subject vessel and/or other vessels fleet-wide; and/or

m.  Failure to retrofit the restroom that was accessed from the exterior portion of Deck 9 and surrounding areas in light of the anticipated traffic and anticipated purpose of the area; and/or

n.  Failure to incorporate applicable standards, including the Americans with Disabilities Act (ADA), to retrofit the restroom that was accessed from the exterior portion of Deck 9 and surrounding areas which was open to passengers like the Plaintiff.

o.  Failure to adequately test the coefficient of friction and slip resistance of the flooring surface around the subject area before opening it up to passengers and the Plaintiff; and/or

p.  Other acts or omissions constituting a breach of duty to use reasonable care under the circumstances which are revealed through discovery.

37.  All or some of the above acts and/or omissions by Defendant, its agents, employees and/or crewmembers, directly caused and/or contributed to the incident because Plaintiff's incident would not have occurred but for the above acts and/or omissions.

38.  At all times material hereto, Defendant knew of the foregoing conditions causing the Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. Insofar as it relates to conditions that

LIPCON, MARGULIES & WINKLEMAN, P.A.

Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area. *See infra* ¶¶ 15.

39. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.  Further, the injuries resulting from her fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and requests an advisory jury.

**RESPECTFULLY SUBMITTED,**

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce de Leon Boulevard, Suite 1480
Coral Gables, Florida 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Daniel W. Grammes*

**DANIEL W. GRAMMES**
Florida Bar No. 1010507
dgrammes@lipcon.com